IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN REFUGIO RODRIGUEZ,

      Petitioner,　　　　　　　　　　No. 2:11-cv-0385 KJN P

   vs.

SAN JOAQUIN SUPERIOR COURT,　　　ORDER and

      Respondent.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS[1]

_____/

      Petitioner, a San Joaquin county inmate proceeding without counsel, has filed a petition for writ of mandamus to compel state superior court judges to conduct further proceedings related to petitioner's December 2010 conviction on multiple criminal counts. Petitioner asks the court "to review all pleadings attached to my writ of mandamus" (Dkt. No. 1-7, at 4) (more than 200 pages of state documents), and to "issue an alternative writ commanding" the following (Dkt. No. 1, at 23-24 (fns. omitted)) (sic):

> 1. [C]ommanding the Hon. Franklin Stephenson, Judge of the Superior Court of Calif., County of San Joaquin to hold a [California Penal Code] § 1538.5(i) [motion to suppress] hearing with live testimony and all the new evidence, make findings of fact or before this court why he has not made rulings regarding the evidence before the superior courts, and at a specified

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

1    time by this court why Hon. Stephenson has not done so, and why a peremptory writ should not issue.

2. That this federal court issue a different alternative writ commanding Hon. George Abdallah Jr.[,] Jury Trial Judge of the Superior Court of Calif., County of San Joaquin to hold a hearing on the merits (suppression issues) and make findings of fact.  To not pronounce judgement untill all relevant issues of law are ruled on.  Or show before this court why he has not made rulings regarding motions in limine, 'motion 26,' and at a specified time why he has not done so, and why a peremptory writ should not issue.

3. That on the return of the alternative writ and the hearing on the petition for writ of mandamus commanding Hon. Stephenson and/or Abdallah Jr. to suppress the evidence, since the prosecution did not prove its burden.

4. For such other and further relief the court deems just, proper and equitable.

This petition lacks merit.  Federal courts lack jurisdiction to issue a writ of mandamus directed at state courts or their judges.  <u>Demos v. United States District Court</u>, 925 F.2d 1160, 1161 (9th Cir. 1991) (petition for writ of mandamus to compel state court action is frivolous as a matter of law), citing 28 U.S.C. § 1651.  Rather, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus [only] to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Thus, pursuant to 28 U.S.C. § 1651, federal courts may issue only those "writs necessary or appropriate in aid of their respective jurisdictions," that is, within a federal court's subject matter jurisdiction as defined by statute.  See <u>Commercial Security Bank v. Walker Bank & Trust Co.</u>, 456 F.2d 1352, 1355 (10th Cir. 1972) ("Section 1651(a) does not operate to confer jurisdiction; ancillary jurisdiction is provided where jurisdiction is otherwise already lodged in the court") (fn. omitted).

Because petitioner may not seek a writ of mandamus from a federal court to direct the conduct of state officials, his petition must be dismissed.  The court will not, therefore, address the failure of petitioner to pay the filing fee in this action or submit an application to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this case.

Additionally, for the reasons stated herein, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of mandamus be dismissed with prejudice, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rodr0385.mand